## Apfelbaum et ux. v. Markley

*Richard H. Klein,* for plaintiffs.
*Witmer & Rice,* for defendant.

CUMMINGS, J., July 8, 1936. — While this motion to strike off plaintiffs' statement of claim is presented under section 5 of the Practice Act of May 14, 1915, P. L. 483, we will treat it as a rule or motion for a more specific statement of claim. The reasons assigned by the defendant, condensed, are: (1) That the statement of claim contains a general allegation of negligence and not material facts stated in a concise and summary form; (2) that the statement of claim sets forth inferences and conclusions drawn from facts and not the facts which are alleged to constitute negligence by the defendant; (3) that the negligence of the defendant is not averred with definiteness, but only in general; (4) that the statement of claim is not specific to inform the defendant of the alleged cause of action upon which the plaintiffs rely for their claim; (5) that the facts of negligence are not averred with sufficient particularity to inform the defendant of the negligence with which he is charged so that he can prepare himself for a proper defense, and (6) that the statement of claim contains general averments of negligence and the negligence of the defendant is not stated in such a way that the defendant can answer the same by affidavit of defense or testimony upon the trial of the cause and is therefore not in conformity with the Practice Act of 1915.

The statement of claim alleges that plaintiffs were passengers of Sidney M. Markley; that Sidney M. Markley was operating an automobile, in which were seated plaintiffs, and that Sidney M. Markley was, at the time of the accident, exercising sole control and supervision thereof.

Paragraph 9 of the statement of claim alleges:

"That on or about March 13, 1935, at or about 9 o'clock a. m., eastern standard time, at a point on said public highway about eight miles east of Cherryville, and on the road between Bowmantown and Bath, about two and one half miles west of Bath, in the Commonwealth of Pennsylvania, the defendant, Sidney M. Markley, operated his

said automobile in such a reckless, careless and negligent manner that the said automobile left the highway on which the said automobile was travelling and ran into a field to the left of said highway, turning over in said field and landing on its top with all four wheels in the air, severely injuring the plaintiff, Celia L. Apfelbaum."

In paragraph 12 it is alleged:

"That said accident and the resulting injuries sustained by the plaintiff, Celia L. Apfelbaum, were caused solely and wholly by the negligence of the defendant, Sidney M. Markley, whose negligence consisted, among other things, of the following:

"(b) in then and there operating his automobile at an excessive, negligent and reckless rate of speed, to wit, at a rate of approximately 60 miles per hour, in violation of the laws of this Commonwealth;

"(c) in then and there failing to drive his said automobile at a careful and prudent speed not greater than was reasonable and proper and with due regard to the traffic, surface and width of said highway, and of any other restrictions or conditions then and there existing;.

"(d) in then and there operating his said automobile at such a high rate of speed as to endanger the life, limb or property of any person including the plaintiffs, and other guests of said automobile."

No affidavit of defense is required to the averments of negligence. The primary purpose of the pleading is to enable the defendant to prepare his defense. The Practice Act of 1915 was designed to convey to the defendant the material facts upon which plaintiffs rely. The mere fact that plaintiffs have not literally complied with the provisions of the act will not warrant us in directing the filing of a more specific statement of claim, particularly so, if sufficient is alleged with regard to negligence on the part of the defendant as to enable him to prepare his defense. The statement of claim alleges that the defendant was in sole control of the automobile at the time of the accident:

he was the driver of the automobile. Surely, under these circumstances, the defendant knows of the facts and circumstances with relation to how the accident happened, and, if so, plaintiffs are not obliged to be as particular in their pleading as they would be had the accident occurred through the negligence of a servant or agent.

The plaintiffs' statement of claim undoubtedly shows a cause of action. In paragraph 12, sub-section (b), defendant is charged with "driving his automobile at an excessive, negligent and reckless rate of speed, to wit, at a rate of approximately 60 miles per hour." This paragraph, taken in connection with the ninth paragraph, is sufficient to advise defendant that, by reason of the operation of his automobile at the rate of 60 miles per hour, he "operated his said automobile in such a reckless, careless and negligent manner that the said automobile left the highway on which the said automobile was travelling and ran into a field to the left of said highway, turning over in said field and landing on its top with all four wheels in the air." What more could be alleged by the plaintiffs relative to the negligence of the defendant in the operation of his automobile, we are unable to determine. Plaintiffs are not obliged to set out the evidence upon which they rely, in fact if they so did they would violate the Practice Act hereinabove referred to.

The allegations in the statement that the defendant drove his automobile at a high and excessive rate of speed, 60 miles per hour and that, in so doing, he operated the same in such a negligent and reckless manner as to leave the road on the lefthand side of same in the direction in which he was going, ran into a field, overturned, with the four wheels in the air, is sufficient to apprise the defendant of his negligence which caused the accident, and is sufficient to enable him to file an affidavit of defense, if he so desires.

Now, to wit, July 8, 1936, the motion to strike off plaintiffs' statement of claim, or for a more specific statement

of claim, is denied. The defendant is allowed 15 days from notice of the filing of this order within which to file his affidavit of defense.